UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: PARESH VASANT PATEL, | ) | |
| | ) | |
| Debtor. | ) | 13 C 103 |
| _____ | ) | |
| | ) | Judge Feinerman |
| PARESH VASANT PATEL, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | Appeal from: |
| | ) | |
| EMIL BENZAKRY and EMIL & SONS LLC, | ) | 11 B 7905 |
| | ) | 11 A 1218 |
| Appellees/Cross-Appellants. | ) | |
| _____ | ) | _____ |
| | ) | |
| In re: KALPITA PARESH PATEL, | ) | |
| | ) | 13 C 657 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | Judge Feinerman |
| KALPITA PARESH PATEL, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | Appeal from: |
| | ) | |
| EMIL BENZAKRY and EMIL & SONS LLC, | ) | 10 B 15570 |
| | ) | 11 A 447 |
| Appellees/Cross-Appellants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Upon this court's rejection of Paresh Patel's and Kalpita Patel's separate appeals of the bankruptcy court's denial of their requests for a discharge of debts owed to Emil Banzakry and Emil & Sons LLC (together, "Plaintiffs"), 2013 WL 2151547 (N.D. Ill. May 15, 2013), Plaintiffs moved for sanctions under Federal Rule of Bankruptcy Procedure 8020 against the Patels and

1

their attorney for filing frivolous appeals. Doc. 30 (13 C 657); Doc. 34 (13 C 103). Sanctions are denied.

**Background**

The related and materially identical appeals and sanctions motions will be discussed together, with all docket references to Case No. 13 C 103 unless noted otherwise. This action arises from the Patels' motion to discharge their debts under Chapter 7 of the Bankruptcy Code. Plaintiffs, the Patels' alleged creditors, commenced adversary proceedings in which they asserted three grounds to deny the Patels a discharge: (1) that the Patels made false or fraudulent statements in violation of 11 U.S.C. § 523(a); (2) that the Patels failed to retain business records "from which the debtor's financial condition or business transactions might be ascertained," in violation of 11 U.S.C. § 727(a)(3); and (3) that the Patels failed to "explain satisfactorily … any loss of assets or deficiency of assets to meet the debtor's liabilities," in violation of 11 U.S.C. § 727(a)(5). Doc. 1-3 at pp. 9-13. The parties cross-moved for summary judgment, and the Patels also moved to strike certain portions of Plaintiffs' statements of undisputed material facts. The bankruptcy court denied the Patels' motions and granted summary judgment to Plaintiffs on the §§ 727(a)(3) and 727(a)(5) grounds. Doc. 12-1 at 2-3. The Patels appealed to this court, arguing that the bankruptcy court erred in (1) granting summary judgment to Plaintiffs under §§ 727(a)(3) and 727(a)(5); (2) denying the Patels' motion to strike; (3) denying the Patels' motion for summary judgment on the §§ 523 and 727 grounds; and (4) denying a discharge to the Patels. This court affirmed the bankruptcy court's denial of discharge under § 727(a)(5), and found it unnecessary to address the other grounds. 2013 WL 2151547, at *4-5.

This court explained that "[a]lthough the Patels purport to challenge the bankruptcy court's ruling that they failed to provide the satisfactory explanation required by § 727(a)(5),

they have forfeited their argument by failing to develop or support their challenge." *Id*. at *3. This court reasoned as follows:

> The Patels' argument regarding § 727(a)(5) is so thin as to constitute a forfeiture. All the Patels do [in their briefs on appeal] is assert in conclusory fashion that they did not violate § 727(a)(5) and then name a litany of documents they claim to have turned over to Plaintiffs; they do not cite relevant legal authorities or even say where those documents are in the record on appeal, except for Paresh's answers to interrogatories. Even supposing that the Patels did turn over the documents they reference, they do not say how those documents explain what became of their assets or offer any argument as to why that explanation is satisfactory—which is a problem, as "§ 727(a)(5) requires a *satisfactory* explanation for the whereabouts of a debtor's assets."
> …
>
> The most that can be said for the Patels, though perhaps even this is too generous, is that they turned over documents from which a person with the relevant expertise in accounting or recordkeeping could derive a satisfactory explanation of the whereabouts of their assets, and that they gave this court a vague description of those documents. If all that is true, then perhaps the court could dig through the record, find the referenced documents, analyze them at length in light of the governing legal authorities, and ultimately piece together a satisfactory explanation of what became of the Patels' assets. But § 727(a)(5) puts the burden of coming up with that satisfactory explanation on the Patels, not on the court.

*Id*. at *3-4 (citations omitted).

Plaintiffs first requested sanctions under Rule 8020 in their response brief on appeal. Doc. 14 at 9, 48-49. The court denied that request because Rule 8020 "is explicit in allowing for sanctions only upon a separately filed motion or notice from the district court," and "[t]here has been no such separately filed motion in this case, and nor has this court notified the parties that it is considering awarding costs." 2013 WL 2151547, at *5 (internal quotation marks omitted). On May 20, 2013, five days after the court's decision affirming the bankruptcy court's denial of discharge, Plaintiffs filed a motion for sanctions in the bankruptcy court, which was denied for lack of jurisdiction on September 3, 2013. Doc. 37 at 6. Ten days later, on September 13, 2013, Plaintiffs filed the present motion for sanctions before this court. Doc. 34.

3

**Discussion**

At the outset, the Patels argue that the sanctions motion should be denied because Plaintiffs did not timely file it in this court within fourteen days of this court's May 15, 2013 decision affirming the bankruptcy court's decision. Doc. 41 at 1-2. The Patels rely on Federal Rule of Civil Procedure 54(d), which provides in relevant part that "[u]nless a statute or a court order provides otherwise, the motion [for attorney's fees] must … (i) be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). In the alternative, the Patels argue that the governing rule is Northern District of Illinois Local Rule 54.3(b), which imposes a 91-day time limit to file a sanctions motion after the entry of judgment. Doc. 41 at 2.

As Plaintiffs correctly note in their reply brief, neither of these rules governs the filing of a Rule 8020 motion. Federal Rule of Bankruptcy Procedure 7054, which governs fee motions, explicitly provides that "Rule 54(a)-(c) [of the Federal Rules of Civil Procedure] appl[y] in adversary proceedings"; Rule 54(d) is excluded by implication. Fed. R. Bankr. P. 7054. And Local Rule 54.3(a) specifies that "this rule does not apply to motions for sanctions under Fed. R. Civ. P. 11 or other sanctions provisions," a category that includes Rule 8020. N.D. Ill. L.R. 54.3(a). Although the court requested supplemental briefing on the timeliness issue, Doc. 36, neither party identified authority specifying how soon after the district court enters judgment on a bankruptcy appeal that the prevailing party must file a Rule 8020 motion for sanctions in the district court. This court will not make the Patels' argument for them, and accordingly will proceed to analyze Plaintiffs' Rule 8020 motion on its merits. *See Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011) (where the party "cited no relevant legal authority to the district court to support the proposition …, the argument is waived"); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and

arguments that are unsupported by pertinent authority, are waived") (internal quotation marks omitted). And because the court denies Plaintiffs' motion on the merits, the timing issue is moot in any event.

Rule 8020 provides: "If a district court … determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court … and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020. Rule 8020 sanctions "compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration." *Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 125 (Fed. Cir. 1994) (internal quotation marks omitted). "An appeal is frivolous when the result is obvious or when the appellant's arguments are wholly without merit." *In re Sokolik*, 635 F.3d 261, 270 n.3 (7th Cir. 2011) (quoting *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994)). The Seventh Circuit has held that "[c]ourts consider a variety of factors in deciding whether to impose sanctions under Fed. R. Bankr. P. 8020," including:

> bad faith on the part of the appellant; that the argument presented on appeal is meritless *in toto*; and, whether only part of the argument is frivolous. In addition, the court will consider whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record.

*Id*. at 270 & n.4 (internal quotation marks omitted); *see also In re Reese*, 485 F. App'x 32, 35 (6th Cir. 2012) (holding that Rule 8020 sanctions are warranted "when an appeal involves an improper purpose, such as harassment or delay, or when … an appeal consists of baseless or improperly raised arguments") (internal quotation marks omitted).

In *In re Sokolik*, the Seventh Circuit affirmed the imposition of sanctions against an appellant and his attorney pursuant to Rule 8020. 635 F.3d at 270-71. The district court summarized its reasons for imposing sanctions as follows: "Motions were filed by appellant without any basis in the rules, deadlines were ignored, procedural requirements were dismissed as unnecessary, and duplicative filings and objections were made thereby making it impossible for appellee to minimize its costs in this action." *Id*. at 270. The district court also pointed to the appellant's "reliance on the merger doctrine despite having waived it, several misstatements in the record made by [the appellant's attorney], the Fed. R. Bankr. P. 9011 motion filed …, which [the district court] called 'baseless,' and the improper filing of an appeal to this court while district court proceedings were still pending." *Ibid*. On review for abuse of discretion, the Seventh Circuit affirmed, resting its decision on "ample evidence suggest[ing] that the *manner* in which the appeal was litigated bordered on the frivolous." *Ibid*. The court of appeals reasoned:

> We are not convinced that [the appellant] and his attorney appealed in bad faith. … We are also not convinced that the appeal itself (as contrasted with the manner in which the appeal was litigated) was frivolous. Because of appellants' procedural error in failing to abide by the safe harbor provision of Fed. R. Bankr. P. 9011, the courts have never reached the merits of that claim. And because courts are able to find an exception to waiver, the merger argument, though unsuccessful, did have some basis in law. Appellants' most egregious errors in this litigation appear to have been procedural ones. These errors were numerous and well documented.

*Id*. at 270-71. In other words, even though the Seventh Circuit disagreed with the district court's determination that the substance of the appeal was frivolous, it found that the "numerous and well documented" procedural errors justified the imposition of sanctions. *Id*. at 271.

Here, Plaintiffs argue that "[s]ubstantively, this appeal in every way was frivolous," as "[t]he main argument under § 727 [advanced in the Patels' appeal briefs] does not even cite one case in the Seventh Circuit," and the "actual language of [this court's] appeal opinion suggests

6

that the [Patels'] argument was so thin as to be almost a 'forfeiture.'" Doc. 34 at 2. Plaintiffs focus on the inadequacy of the Patels' argument on the § 727(a)(3) issue regarding recordkeeping, noting that "[the Patels] cited no Seventh Circuit case to this Court on the [§ 727(a)(3)] discharge issue," that they failed to supplement the 1,010 pages of documents they produced with any "operational documents … except some incomplete checking account records," and that they "[s]hockingly … fail[ed] to even mention in [their] brief the missing Stillwater Restaurant checking account records and funds." *Id*. at 3.

Plaintiffs' arguments resemble those that *In re Sokolik* found "unconvincing." Just as *In re Sokolik* held that the district court could not consider the losing party's Rule 9011 motion "baseless" when it never ruled on its merits, this court cannot consider the Patels' § 727(a)(3) argument baseless because it expressly declined to reach the § 727(a)(3) issue, having decided to rely exclusively on § 727(a)(5). The Patels' failure to meet their burden of providing a "satisfactory explanation of what became of [their] assets" pursuant to § 727(a)(5), 2013 WL 2151547, at *4, does not render their argument baseless. Like the appellant in *In re Sokolik*, whose reliance on an argument, "though unsuccessful, did have some basis in law," the Patels raised a potentially meritorious argument but ultimately did not prevail. This court's opinion noted that, based on the Patels' description of certain documents in their appeal brief, "perhaps the court could dig through the record, find the referenced documents, analyze them at length in light of the governing legal authorities, and ultimately piece together a satisfactory explanation of what became of the Patels' assets." 2013 WL 2151547, at *4. Put another way, the Patels' error was in failing to develop their argument, and not in putting forth a baseless argument.

While it is true that the failure to cite relevant legal authorities is a factor that weighs in favor of imposing sanctions, the majority of the pertinent factors counsel against sanctions. In

their appeals, the Patels did not act in bad faith, misrepresent the record, present arguments that were "meritless *in toto*," or committ "numerous and well documented" procedural errors. *In re Sokolik*, 635 F.3d at 270 n.4. On balance, and while the question is close, the court concludes that the Patels' appeal was not frivolous and therefore does not warrant the imposition of sanctions under Rule 8020. *See In re Ass'n of Graphic Commc'ns, Inc.*, 2011 WL 1226372, at *7 (S.D.N.Y. Mar. 31, 2011) (declining to impose sanctions under Rule 8020 where the court found no evidence of bad faith, noting that the appellant "has been respectful of the lower court and its adversary"); *Armenta v. Penera*, 2009 WL 3157260, at *1-2 (D. Ariz. Sept. 24, 2009) (same, reasoning that "because a motion for sanctions looks at whether the appeal as a whole has an obvious result or wholly lacks merit, it is sufficient [to deny sanctions] if at least one argument asserted by [the appellant] has merit").

## Conclusion

For the foregoing reasons, Plaintiffs' motions for sanctions under Rule 8020 are denied.

May 6, 2014

United States District Judge